## DEMPSEY *vs*. HERTZFIELD.

1. An action for breach of contract survives against the executor of the defendant.
2. In an action by a tenant against a landlord for breach of a written contract to stop a leak, it is admissible for the tenant to prove by *parol* the purpose for which the landlord knew the house was rented.
3. Where the landlord makes successive attempts to stop the leak, but fails through defective workmanship, he must pay the tenant, under such a contract, full compensation for the injury done to goods in the house during the period of those attempts and failures.

Case, in Bibb Superior Court. Tried before Judge LA-MAR, at May Term, 1860.

This was an action bought by Joseph Hertzfield against the executor of Dermad Dempsey, deceased, to recover damages for failure to repair a certain store house, rented by plaintiff from said Dempsey, as had been agreed on, whereby loss accrued to the plaintiff by injury to his stock of good's from rains, etc. It was alleged that the store was rented for a dry-goods store.

On the trial, the plaintiff proved the renting and terms of it as alleged, and a promise by Dempsey to repair the roof of the store, so that it would not leak—all of which was in writing. There was nothing in the writing as to what the store was to be used for.

It was further proved, that the store was rented for a dry-goods store; that Dempsey was called on several times after the renting, to make the roof tight to keep out the rain, but that the roof leaked badly, and damaged plaintiff's goods. Proof was made as to character and extent of the leakage and the damage caused thereby. An inventory of the goods had been made before they were damaged.

Defendants proved that several attempts were made to repair the roof and stop the leakage; the covering was of slate; some of the slates had broken off and others put in place of them; after making the repairs the leaks were supposed to have been stopped.

The jury found for the plaintiff $1,958 00.

Counsel for defendant moved for a new trial on the following grounds:

1st. Because the Court refused the motion of counsel, for plaintiff, to strike out so much of his writ as sought to charge defendant with the damage to plaintiff's stock of goods, and retained the whole writ.

2d. Because the Court ruled and held that under the written agreement, the defendant was liable for damage done to plaintiff's goods by leakage of the house or roof.

3d. Because the Court allowed the witness Hartz, when objected to by defendant, to prove that the store was rented for a dry-goods and clothing store.

4th. Because the Court erred in allowing plaintiff to prove the value of his stock of goods and the damage thereto by the rain.

5th. Because the Court refused to charge the jury as requested by defendant's counsel, that if plaintiff knew the store leaked and Dempsey, after being notified to repair, did not; and if plaintiff, by having the repairs made, could have stopped the leaks and saved the damage, it was his duty to do so.

6th. Because the Court charged the jury that it was Dempsey's duty to repair the roof, and that plaintiff was not bound to do so under the proof.

7th. Because the suit abated by the death of Dempsey, and does not survive as against his executor, and on which last ground defendant will move the Court in arrest of judgment in said case.

8th. Because the Court erred in allowing Hartz to prove the value of the stock of goods without producing the inventory made by the witness when objected to by defendant.

9th. Because the jury found against and without evidence.

The Court refused the motion for a new trial, and defendant's counsel excepted.

WHITTLE, for plaintiff in error.

POE & GREIR, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. This action is founded on a breach of contract, and not on a *tort* in any possible legal sense of that term; and we can-

not see, therefore, any reason to doubt that it survives against the executor.

2. Proof of the purpose for which the house was rented, was properly admitted. That proof did not, as was contended in the argument, add anything to the written contract; it only went to show the amount of damage properly chargeable against the defendant on account of the breach of the contract as it stands in the writing. His contract was to stop the leak, and the plaintiff, in order to recover damages for the breach of it, had to show, not only that he had sustained injury, but that the injury was such an one that the parties must be presumed, in reasonable contemplation, to have foreseen that it would be a probable consequence of a breach of the contract. The purpose for which the house was to be used, showed what sort of things the parties must have foreseen would be injured by a failure to stop the leak.

3. The main controversy in this case, was as to the measure of damages. It was contended by Mr. Dempsey's counsel that although he may have failed to stop the leak, yet Hertzfield, the plaintiff below, could recover for only such injury as he could not have prevented by prudence on his own part; and that as he might easily have prevented all the injury by having the leak stopped himself, he ought to recover only the reasonable cost of stopping the leak. Such a rule is not applicable to this case, for there was not disclosed any failure of prudence on the part of Hertzfield. By the contract, the burthen of stopping the leak was on Dempsey, and not on Hertzfield. Mr. Dempsey made an effort to stop it, and pronounced it stopped. Mr. Hertzfield relied on that announcement and had a *right* to rely on it till he found the rain pouring on his goods. He then gave Mr. Dempsey notice that the attempt to stop the leak had proved a failure. Mr. Dempsey made another attempt, and left the roof as all sound and safe. Mr. Hertzfield relied again on the fact, that Mr. Dempsey had done his duty, and he had a right to rely on it, till he again found it otherwise. Thus the process went on, till from many successive failures of Mr. Dempsey's defective work, the goods in the store were greatly injured, Mr. Hertzfield suffering and having a right to suppose all the while that Mr. Dempsey had done his duty, until the rain demonstrated the contrary. Surely there was no obli-

gation of Hertzfield to take upon himself the performance of Dempsey's duty, when Mr. Dempsey was all the while attempting to perform it for himself, and professing at each attempt, to have succeeded. There was but one fault in the whole affair, and that was a constant resort to patchwork, instead of a thorough renovation of the roof. That fault was Mr. Dempsey's, and he ought to bear the consequences of it. The other points were abandoned.

Judgment affirmed.