21180.  WILLIAMSON *v.* MAY *et al.*

DECIDED JANUARY 12, 1932.

*W. Inman Curry,* for plaintiff.

*Josephine McDonald, H. A. Woodward,* for defendant.

LUKE, J.  Cooper, as agent for Williamson, procured a distress warrant for rent against L. G. May and Louis May, trading as Paris Cleaners.  Defendants filed a plea in recoupment on account of damage caused by the landlord's negligence in failing to repair a leaky roof of the rented premises.  The jury rendered a verdict for the defendants; a motion for a new trial was overruled, and on this judgment the plaintiff assigns error.

There was abundant evidence to support the finding of the jury, and the motion for a new trial, containing one special ground, was properly overruled.  Defendants conducted a cleaning, pressing, and dyeing business in the rented premises.  The evidence showed that when it rained the roof leaked so badly that the men in the cleaning establishment had to wear boots, that the machinery had to be covered, and that the clothes of the patrons and other properties were damaged and in many instances ruined.  It further showed that the landlord promised to have the roof fixed and had some

patchwork done on it, but that this was unsuccessful, because what the roof needed was a complete renovation. The evidence showed also, contrary to the contention of the special ground of the motion for a new trial, that the defendants exercised ordinary diligence to avoid the consequences of the plaintiff's negligence. Because of the amount of machinery in the cleaning establishment and because the roof leaked all over, and because the floor had water standing in it when it rained, there was no place in the building to place the contents thereof so as to protect them from the rain; but the evidence shows that defendants sent things back to customers to keep them from being injured, and would reclean and dye things that were already injured; that they repeatedly closed down the plant to avoid damage; and that they repeatedly endeavored to get the plaintiff to repair the leaky roof. There was no duty on the defendants to repair at their own expense the roof of the landlord's building; and if they could have given up their rent contract and moved to another location, it would have cost them, according to the evidence, about $2,000 to pay for transportation and the cost of lining up and installing the machinery; which is considerably more than the amount of damage alleged. "The landlord must keep the premises in repair." Civil Code (1910), § 3699. And where the landlord attempts to stop the leaks in a roof and fails, he must pay the tenant for injury to the goods in the rented premises. *Dempsey* v. *Hertzfield,* 30 *Ga.* 866. "When the landlord failed to repair the roof of the storehouse, after notice of its leaky condition, and his tenant's goods were damaged thereby, the tenant is entitled to recoup the amount of such damages as against a distress warrant for the rent." *Guthman* v. *Castleberry,* 48 *Ga.* 172.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*