46204.   SPIVEY et al. v. MAYSON.

EBERHARDT, Judge. This suit on a note was tried before a judge without a jury in Fulton Civil Court, and from a judgment in favor of the plaintiff the defendant appeals, attacking the

judgment on the ground, inter alia, that there were no findings of fact and conclusions of law made by the judge as is required in such cases by *Code Ann.* § 81A-152. *Held:*

Appellant contends that since the amount involved is more than $300, and since the General Assembly, by Ga. L. 1970, p. 2446 et seq., provided that where the amount sought to be recovered, exclusive of interest, attorney's fees and costs, is $300 or more, the rules of practice and procedure in the Civil Court of Fulton County shall be in conformity with those for cases in the superior courts, and since it is provided in *Code Ann.* § 81A-152 (a) (Ga. L. 1969, p. 645, as amended, Ga. L. 1970, p. 170) that in all cases tried upon the facts without a jury in the superior court "the court shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to § 81A-158 . . . Request[s] for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness," there should have been findings of facts and conclusions of law in connection with the entry of judgment here.

The court may request counsel (usually for the prevailing party) to prepare the findings and conclusions which, of course, the judge is at liberty to amend or change in any respect deemed proper. He may prepare them without the assistance of counsel.

"The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review." 5A Moore's Federal Practice 2706, § 52.06. They should be brief, concise, pertinent and adjusted to the evidence as reflected by the record. Overelaboration and particularization is neither required nor desired. Matton Oil Transfer Corp. v. The Dynamic, 123 F2d 999, 1001. They should not be redundant or argumentative, but should be inclusive enough to afford an intelligent review. Shapiro v. Rubens, 166 F2d 659; Summerbell v. Elgin National Watch Co., 215 F2d 323; Commercial Standard Ins. Co. v. Liberty Plan Co., 283 F2d 893. They are not intended to amount to a brief of the evidence and need be

made only on issues necessary to a disposition of the cases and upon which the judgment was entered. Klimkiewicz v. Westminister Deposit & Trust Co., 122 F2d 957. And like the findings of a jury, or of the Workmen's Compensation Board, they are binding on appeal and unless wholly unsupported or clearly erroneous will not afford a basis for reversal.

The statute explicitly requires the findings and "Where the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made." 5A Moore 2718, § 52.06[2]. Krinsley v. United Artists Corp., 225 F2d 579; Carter v. Campbell, 264 F2d 930.

We conclude that since *Code Ann.* § 81A-152 provides that "the court *shall* find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to §81A-158," it must be done. The word "shall" in a statute "is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541).

Consequently the appeal is remanded with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal if he should wish to do so.

*Appeal remanded with direction. Hall, P. J., and Deen, J., concur. Whitman, J., not participating.*

SUBMITTED MAY 7, 1971—DECIDED NOVEMBER 3, 1971.

*Andrew A. Smith,* for appellants.
*James L. Mayson,* for appellee.