47443. BOOKER v. J. T. BICKERS REALTY COMPANY et al.

QUILLIAN, Judge. This is an action from the Civil Court of Fulton County brought by a tenant against her landlord. The complaint alleged that the defendant refused numerous requests from the plaintiff to repair or replace a faulty hot water heater and a leaking water pipe despite the defendant's duty under Georgia law to do so; that the plaintiff reported the problem to the defendant around the first of June and her gas bill increased enormously over its regular rate due to the defendant's failure to make necessary repairs. The complaint sought the recovery of $70 in damages, the amount the plaintiff had paid the Gas Company beyond the amount of her regular bill, and $50 for diminution of the value of the premises for the lack of hot water.

The defendant answered and denied the material allegations of the complaint. The plaintiff later amended her complaint to increase the amount of damages claimed from $70 to $95 and also to seek exemplary damages in the amount of $400.

The case came on for trial in which the following evidence was undisputed. The plaintiff notified the defendant with regard to the defect in the hot water system in June. The defendant sent someone to make repairs but such repairs were inadequate. The plaintiff continued to request repairs so that she would have hot water; the number of times she did so being in dispute.

The hot water heater in the plaintiff's apartment was replaced in late September according to the defendant's

testimony. The plaintiff's testimony was that the defect was not corrected until late in October. During the time the plaintiff's apartment was without hot water, the plaintiff's gas bill went up from $5.54 after the first month to $24.44, then the following bills were $22.45, $43.03 and $33.17. Thereafter the bill for October 21 to November 22, 1971 was $16.06. Thus, it appears during the time the plaintiff contends the defect existed, over a period of some 4 months, plaintiff's bill was $123.09, or an average around $31 per month compared to a previous bill of $5.54, and a subsequent bill of $16.06 during a "cold weather" month.

The trial judge found that the "plaintiff failed to establish the claim as required by law" and entered judgment for the defendant. Upon the overruling of the motion for new trial, appeal was taken to this court. *Held:*

The landlord's failure to make repairs within a reasonable time after due notice is given renders him liable to the tenant for damages resulting from the failure to make such repairs. *Stack v. Harris,* 111 Ga. 149, 150 (36 SE 615). This is true even though the landlord attempts to make repairs since he is responsible until the repairs are actually accomplished. *Williamson v. May,* 44 Ga. App. 532 (162 SE 162); *Dempsey v. Hertzfield,* 30 Ga. 866.

In a case of this nature the amount of damages should be shown with certainty. See *Thomas v. Campbell,* 126 Ga. App. 675 (3) (191 SE2d 619), which held: "Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of the loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork." Nevertheless, as held in *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511, 512 (133 SE 878): "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where

proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted." See *Atlanta Tallow Co. v. John W. Eshelman & Sons,* 110 Ga. App. 737, 744 (140 SE2d 118). Here the trior of fact could arrive at a proper measure of damages by comparing the first gas bill with the subsequent gas bills of June to September.

There was a clear and positive showing here of notice to the landlord, of failure to accomplish the necessary repairs within a reasonable time, of damages to the tenant (the plaintiff) and of an amount of damages which could be readily computed.

Nevertheless, the trial judge stated to the plaintiff's counsel, "I just don't think you have made out your case. So, I will find for the defendant." The final judgment recited that the "plaintiff failed to establish the claim as required by law." In view of the evidence adduced, we can only speculate as to the basis for such judgment, but this is not necessary under Georgia law.

The trial court was required by Section 52 (a) of the Civil Practice Act (*Code Ann.* § 81A-152 (a); Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) (made applicable to Civil Court of Fulton County by Ga. L. 1970, p. 2446 et seq., in cases where the amount sought to be recovered exclusive of interest, attorney fees and costs, is $300 or more) to "find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to § 81A-158 . . ." Such action is mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154). See also *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541).

Since there was a failure to make the requisite findings, the appeal must be remanded with direction that the trial judge vacate the judgment and that he prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon.

Thereafter, the losing party shall be free to enter another appeal if he should wish to do so. 5A Moore's Federal Practice 2718, § 52.06 [2]. *Spivey v. Mayson*, 124 Ga. App. 775, supra, and cits.

*Appeal remanded with direction. Hall, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 11, 1972—DECIDED NOVEMBER 22, 1972.

*Lee Payne*, for appellant.
*W. M. Mathews, Jr.*, for appellees.