47800. REESE v. IDEAL REALTY COMPANY et al.

PANNELL, Judge. These appeals arise out of two suits, one by a property purchaser, Bennie Auerbach, against the seller of real estate, Pearl Reese, seeking damages for breach of contract in the amount of $1,200 and costs; the other by the real estate broker, Ideal Realty Company, against the seller for real estate commissions in the amount of $5,250, plus interest and costs. The appeals are from judgments in favor of plaintiffs (appellee) in the Civil Court of Fulton County.

This is the second appearance of these cases before this court. The prior cases are reported in *Ideal Realty Co. v. Reese,* 122 Ga. App. 707 (178 SE2d 564).

The critical issue involved in this appeal concerns the amount of the purchase price which is dependent on the exact acreage being established and determined. The record contains no findings of facts or conclusions of law. Only a judgment is entered.

In view of the evidence and judgment we could speculate concerning the basis for the court's judgment, but under Georgia law this is not necessary. One of the purposes of findings of facts is as an aid to the appellate court on review. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); 5A Moore's Federal Practice 2706, § 52.06.

The trial court was required by Georgia Law, Code Ann. § 81A-152 (a) (Ga. L. 1969, p. 645, as amended, Ga. L. 1970, p. 170) (made applicable to Civil Court of Fulton County by Ga. L. 1970, p. 2446, in cases where the amount sought to be recovered exclusive of interest, attorney's fees and costs, is $300 or more) to "find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to § 81A-158. . ." Such action is mandatory and not discretionary. *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541); *Spivey v. Mayson,* 124 Ga. App. 775, 777, supra; *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490).

In accord with what we believe to be the accepted rule, since there was a failure to make the requisite findings, the appeal must be remanded with direction that the trial judge vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the losing party shall be free to enter another appeal if he should wish to do so. 5A Moore's Federal Practice 2718, § 52.06 [2]; *Spivey v. Mayson,* 124 Ga. App. 775, supra, and cits.

*Appeal remanded with direction. Eberhardt, P. J., and Stolz, J., concur.*

Argued January 12, 1973 — Decided April 3, 1973.

*E. E. Moore. Jr.,* for appellant.
*Kaler, Karesh & Frankel, Ira L. Rachelson,* for appellees.