## 48099. BELL et al. v. STOCKS.

STOLZ, Judge. In this action in the State Court of DeKalb County for damages for breach of an implied warranty of merchantability on an AM-FM-Stereo set purchased for $632.35, the trial judge, on the plaintiffs' motion, dismissed defendant Stocks' answer for failure to answer the plaintiffs' interrogatories, and entered a default judgment against said defendant on the issue of liability. After a trial without a jury on the issue of damages, the judge entered a judgment for the defendant, unsupported by any special finding of facts or separate conclusions of law thereon. After the plaintiffs filed their notice of appeal from this judgment, the trial judge denied plaintiff Mr. Bell's motion for certification of his proposed transcript prepared from recollection (which the defendants

allegedly had neither accepted, offered to amend, nor rejected), holding that the parties were unable to agree on a transcript and that, after reviewing the proposed transcript, he was unable to determine what transpired. *Held:*

The trial judge was required to "find the facts specially and state separately [his] conclusions of law thereon" and enter judgment pursuant to Code Ann. § 81A-158, by the mandatory provisions of Code Ann. § 81A-152(a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171), made applicable to the State Court of DeKalb County by Ga. L. 1970, pp. 679, 680, 681 (Code Ann. §§ 24-2107a, 24-2101a, and 24-2102a). See *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490) and cits.

Since there was a failure to make the requisite findings—caused by the trial judge's inability to recollect or determine what transpired at the trial, resulting in the absence of an approved transcript, without which this court can not pass on the enumerated errors—the appeal must be remanded with direction that the trial judge vacate the judgment, grant a new trial, and enter a new judgment based on appropriate findings of fact and conclusions of law. Thereafter, the losing party shall be free to enter another appeal if he should wish to do so.

*Appeal remanded with direction. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED APRIL 10, 1973 — DECIDED APRIL 13, 1973.

*Alden C. Harrington,* for appellants.