### 48292. SOUTHERN GUARANTY INSURANCE COMPANY v. DUNCAN et al.

PANNELL, Judge. This is a declaratory judgment action brought by Southern Guaranty Insurance Company, the insurer, against Kenneth S. Duncan, the insured, and Stephen Vance Pegram and his next friend, J. E. Neill, parties to a pending action, in which the insurer sought a declaration it had no coverage under its policy as to the incident out of which the pending action arose. The case was submitted to the trial judge for decision without a jury. The only testimony submitted was that of the insured taken by deposition. There was also in evidence a homeowner's liability policy issued by the insured. The injury out of which the pending action against the insured arose was one allegedly received by the minor plaintiff as the result of a piece of metal flying from an automobile, then on the home premises, while the insured was removing a steering wheel to put another one on.
The testimony of the insured showed that he had purchased a 1956 Chevrolet chassis, put roll bars on it and a new engine and used it only for a round track race car, but he moves it around on a trailer and stores it in his yard when not in use; that the only places he has raced it were Senora and Douglasville; that he transports the vehicle on the trailer to the race and back to the house premises; that during the time he owned the vehicle it had never been driven on the road by the insured or anyone else and has no license plate; that in the dozen or so races the insured participated in he did not drive in all of them; that he paid a driver in some of the races; that there was prize money involved in the races, whether you placed or not; that he also placed in the money in some of the races. The amount of the money involved was not shown. The insured's deposition further disclosed that the insured was regularly employed as a mechanic in an auto repair garage and that the racing was done in his spare time.
Insofar as the contentions and arguments in the brief are concerned, they revolve around the following provisions of the policy: "This policy does not apply: 1. Under Coverage

E—Personal Liability and Coverage F—Medical Payments to Others: (a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: (1) any aircraft; or (2) any motor vehicle owned or operated by, or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the resident premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or (3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes . . . (d) to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits; . . ." The definition of a motor vehicle appears as follows: "3. 'motor vehicle' means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads." Recreational motor vehicle is defined as follows: "6. 'recreational motor vehicle': means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads." Under the general conditions provision of the policy, business is defined as follows: "d. 'business' means (1) a trade, profession or occupation, including farming, and the use of any premises or portion of residence for any such purposes; . . ." The material parts of the  order of the trial judge are as follows: "[A]fter consideration of the documents in evidence and the deposition of Kenneth S. Duncan, and after hearing argument of counsel it is the finding of this court that the plaintiff herein, Southern Guaranty Insurance Company, owes the defendant, Kenneth S. Duncan, coverage for the event upon which Civil Action 5413 is predicated, and that the plaintiff owes the said Kenneth S. Duncan a defense in connection with said case. The court, therefore finds in favor of the defendants and against the plaintiff in this action with cost upon the plaintiff." The plaintiff

appealed to this court. *Held:*

Judges of the superior court are required by Georgia Law (Ga. L. 1969, p. 645, as amended by Ga. L. 1970, p. 170) enacting a Code Section 81A-152 to "find the facts specially and state separately its conclusions of law thereon . . ." in cases submitted for trial without a jury. "Such action is mandatory and not discretionary. *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541); *Spivey v. Mayson,* 124 Ga. App. 775, 777 [186 SE2d 154]; *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490)." *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829). We, accordingly, remand the case to the trial judge for action in accordance with the requirements of the statute.

*Appeal remanded with direction. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 28, 1973 — DECIDED SEPTEMBER 13, 1973.

*Ross & Finch, I. J. Parkerson,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellees.