## 49305. DONALDSON v. HOPKINS.

BELL, Chief Judge.

This suit was brought to recover an alleged $7,000 debt based on a written agreement. The case was tried by the court without a jury. A judgment was entered for defendant which reads in part as follows: "Evidence, oral and documentary, was presented by plaintiff and defendant, and there is much uncertainty about it. The Court finds that Plaintiff and Defendant entered into

some kind of arrangement for the purchase of a restaurant on Peachtree Street in Atlanta, that they did actually run it for a while, that it closed and apparently plaintiff lost considerable money, and that the $7,000 in question here was a part of the overall arrangement for the purchase price and operations. . .''

Error is enumerated that the above findings of fact are insufficient. We agree. In a non-jury case, it is mandatory that the trial court make findings of fact and conclusions of law. CPA § 52 (a) (Code Ann. § 81A-152 (a)); *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). In *Spivey,* it was stated that one of the purposes of findings is as an aid in the appellate courts' review; and that findings should be inclusive enough to afford an intelligent review. The issue in this case is whether plaintiff made a loan to defendant in the amount of $7,000 and defendant failed to repay. The facts were in dispute. The order entered here recited no legal conclusions as required by the statute and no finding was made on the controlling issue as to whether there was an existing unpaid debt.

The appeal is remanded with direction that the trial judge vacate the judgment, prepare or cause to be prepared appropriate findings of fact and conclusions of law, and enter a new judgment. The losing party shall be free then to enter another appeal. *Spivey v. Mayson,* supra.

*Appeal remanded with direction. Quillian and Clark, JJ., concur.*

Submitted May 6, 1974 — Decided September 25, 1974.

*Feagin & Feagin, John E. Feagin, Jr.,* for appellant. *Guy J. Notte,* for appellee.