## 50013, 50132. PHILIPS BROADCAST EQUIPMENT CORPORATION v. PRODUCTION 70's, INC. et al. (two cases).

MARSHALL, Judge.

Plaintiff filed a complaint against Production 70's, Inc., and individuals Cater, Bateman and Suit on a contract to which all were signatories, alleging a balance due plaintiff thereunder of $178,024. Defendants denied liability and the case proceeded to trial on April 19, 1974. On July 2nd, the trial judge entered a general judgment in favor of the defendants. Plaintiff filed a notice of appeal from that judgment on July 31st (Case No. 50013). Thereafter, the trial judge entered several orders, inter alia: to make certain "letter-briefs," submitted by counsel, a part of the record on appeal; to vacate his July 2nd judgment and schedule further hearings on the case; and to continue and reschedule hearings at later dates. On October 14th, plaintiff filed a notice of appeal from these orders (Case No. 50132). Defendants have moved to dismiss both appeals on the ground that since the trial judge vacated his prior judgment and ordered further

evidentiary hearings, the case is still pending and the appeals are premature. *Held:*

1. As to Case No. 50132, defendants' motion to dismiss is granted. Once a final judgment is entered, from which a party files a notice of appeal and pays all costs there is an automatic supersedeas which deprives the trial court of jurisdiction to modify or alter the judgment of the case pending on appeal. Ga. L. 1965, pp. 18, 22 (Code Ann. § 6-1002 (a)). See *Turner v. Harper,* 233 Ga. 483; *Park v. Minton,* 229 Ga. 765 (4) (194 SE2d 465); *Jackson v. Martin,* 225 Ga. 170 (167 SE2d 135). This rule applies even to an order to vacate the judgment as here, and even though the plaintiff consented to the vacation order. Contrary to defendants' contention, a reading of the supplemental record does not show plaintiff agreed to withdraw its appeal and, in fact it has not withdrawn it. Therefore, all those proceedings and orders which took place subsequent to the July 2nd judgment were a nullity. *Park v. Minton,* 229 Ga. 765, supra. Those proceedings and orders of the trial court are the basis of the only errors enumerated in Case No. 50132 and there is therefore nothing from which the plaintiff may appeal.

2. Defendant's motion to dismiss Case No. 50013 is denied. Only three of plaintiff's enumerations of error in this case (7, 8 and 9) deal with orders that were a nullity (under Division 1, supra), and we do not consider those. The remaining enumerations challenge the July 2nd judgment as being inadequate as to form, contrary to the law and contrary to the evidence.

Plaintiff contends that the evidence shows that each of the defendants signed the contract in question agreeing to pay plaintiff $194,208 for camera equipment it sold to defendants and that only one payment was made thereunder ($16,184) leaving a balance of $178,024, the amount for which plaintiff sued. Defendants contend that the contract is invalid for want of consideration in that the evidence shows the equipment, which was the subject of the contract, had already been sold to and was in possession of defendants. They also contend that plaintiff has no standing to sue, the evidence showing that plaintiff had assigned its rights under the contract to a third party. Finally, defendants contend that the evidence shows that

the individual defendants signed the contract as guarantors, not as primary obligors.

Each one of these contentions rests upon certain factual conclusions which the trial judge failed to make in reaching his judgment for defendants. What was the consideration for the contract? Had the plaintiff foreclosed and repossessed the equipment prior to the contract? Had the plaintiff promised not to foreclose? Had there been a reassignment of the contract rights prior to bringing the action? Did the individual defendants sign the contract as guarantors or in their individual capacities? Findings as to these questions of fact are essential to the determination of liability and we should not speculate as to how the trial court answered them.

"The trial court was required by Section 52 (a) of the Civil Practice Act (Code Ann. § 81A-152 (a); Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) (made applicable to Civil Court of Fulton County by Ga. L. 1970, p. 2446 et seq., in cases where the amount sought to be recovered exclusive of interest, attorney fees and costs, is $300 or more) to 'find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to § 81A-158 . . .' Such action is mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154). See also *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541)." *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490). See also, *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829).

The Appeal in Case No. 50013 is therefore remanded with direction that the trial judge vacate the judgment, hold additional hearings if additional evidence is considered necessary, prepare appropriate findings of fact and conclusions of law and enter a judgment thereon. *Bell v. Stocks,* 128 Ga. App. 799 (198 SE2d 209). "Thereafter, the losing party shall be free to enter another appeal if he should wish to do so. 5A Moore's Federal Practice 2718, § 52.06 [2]. *Spivey v. Mayson,* 124 Ga. App. 775, supra, and cits." *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, supra.

*Appeal dismissed in Case No. 50132. Remanded with direction in Case No. 50013. Bell, C. J., and Webb., J., concur.*

768

*Shoob, McLain, Jessee, Merritt & Lyle, M. David Merritt*, for appellant.
*Moffett, Henderson, Jones & Barnwell, Taylor W. Jones, William F. Lozier, Nick G. Lambros*, for appellees.