## 50190. SPEER v. GEMCO ELEVATOR COMPANY, INC.

WEBB, Judge.

This is a negligence action against an elevator maintenance company for personal injuries sustained by Alvin Speer while opening the door of an elevator maintained by the company. The jury returned a verdict for Speer, Gemco moved both for judgment n.o.v. and for new trial, and the trial court entered the following order: "(1) The defendant's motion for judgment notwithstanding the verdict is hereby granted and sustained. (2) In the alternative, and subject to the ruling made in the foregoing paragraph, the defendant's motion for new trial is hereby granted and sustained." The motion for new trial, as amended, consists of the usual general grounds and, in addition, four special grounds. The trial court, however, failed to specify the grounds upon which it granted the motion for new trial as required by CPA § 50 (c) (1) (Code Ann. § 81A-150 (c) (1)). *Held:*

CPA § 50 (c) (1) (Code Ann. § 81A-150 (c) (1)) provides: "If the motion for judgment notwithstanding the verdict provided for in subsection (b) of this section is granted, *the court shall also rule on the motion for a new trial,* if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, *and shall specify the grounds for granting or denying the motion for the new trial.*" (Emphasis supplied.)

The purpose of the trial court's ruling upon the motion for new trial in addition to the motion for judgment n.o.v., as is apparent from subsection (c) (1), is to

eliminate the necessity, should the appellate court reverse the granting of judgment n.o.v., of remanding the case to the trial court for a ruling upon the motion for new trial, from which ruling yet another appeal could be taken, resulting in fractured appellate consideration of questions arising from the same trial. "Accordingly it is held, consistent with the language of Rule 50(c) and for reasons of convenient and expeditious practice, that if alternative prayers or motions are presented for judgment n.o.v., and for a new trial, the trial judge should rule on the motion for judgment, and whatever his ruling thereon may be, he should also rule on the motion for a new trial, indicating the grounds of his decision." 5A Moore's Federal Practice, § 50.13 (1), p. 2378. "It is essential if the alternative motion is made that the trial court rule on both branches of the motion. Difficult as this may sometimes be, the cases have long so required and Rule 50 (c) (1), as amended in 1963, so provides. If the court grants judgment notwithstanding the verdict and fails to act on the alternative motion for a new trial, litigation will be needlessly protracted should the appellate court find that the grant of judgment was erroneous." 9 Wright & Miller, Federal Practice and Procedure, § 2539, pp. 609-610.

Thus, when both rulings are made initially by the trial judge, all questions arising from the one trial can be disposed of by the appellate court with but one appeal. "Otherwise the same unfortunate situation that existed in the Montgomery Ward case [311 U.S. 243 (61 SC 189, 85 LE 147) —trial court did not rule on motion for new trial, necessitating remand for ruling on that motion after reversal of judgment n.o.v. for defendant] might be repeated and litigation uselessly prolonged by piecemeal procedure delaying final determination on appeal." 2B Barron & Holtzoff, Federal Practice and Procedure: Civil, § 1082, pp. 431-432.

The same reasoning underlies the requirement that the trial court "shall specify the grounds for granting or denying the motion for the new trial." If the trial court's first grant of a new trial is on the general grounds, the appellate court will disturb that ruling only if it is shown that the trial court abused its discretion in granting it and

that a verdict for the party opposing the motion was demanded. See, e.g., *Warren v. Mann,* 117 Ga. App. 787 (2, 3) (161 SE2d 894); *Hunt v. Denby,* 128 Ga. App. 523 (4) (197 SE2d 489); *Blanchard v. Westview Cemetery,* 133 Ga. App. 262, 263 (1) (211 SE2d 135) and cases cited. However, "This principle does not apply here where the trial judge did not grant the new trial on general grounds. The first grant of a new trial, unless on discretionary grounds, is reviewable by this court.' *Rice v. Matthews,* 104 Ga. App. 593 (1) (122 SE2d 175). See also Code § 70-208; Code Ann. § 81A-150 (c) (1)." *Southern States v. Thomason,* 128 Ga. App. 667, 668 (1) (197 SE2d 429). Accord, *Whitehead v. Dillard,* 129 Ga. App. 5 (198 SE2d 376); *Durrett v. Farrar,* 130 Ga. App. 298, 302 (4) (203 SE2d 265). Accordingly, if the special ground upon which the new trial was solely granted is determined by the appellate court to be without merit, the judgment granting the new trial on that ground will be reversed. *State Hwy. Dept. v. Smith,* 117 Ga. App. 210 (160 SE2d 215); *State Hwy. Dept. v. Rosenfeld,* 120 Ga. App. 439 (170 SE2d 837). Moreover, even where the trial court grants a new trial both on the general and one or more of the special grounds, and the reviewing court affirms on the general grounds, it is nevertheless necessary for the appellate court to review the rulings made by the trial court in granting a new trial on the special grounds. *Dennard v. Styles,* 101 Ga. App. 459 (2) (114 SE2d 317); *Blanchard v. Westview Cemetery,* 133 Ga. App. 262, 264 (2), supra.

It is obvious, then, that if there is to be any meaningful review of the order granting judgment n.o.v. and in the alternative a new trial, the trial court must specify the grounds for granting the new trial as required by CPA § 50 (c) (1). The trial court did not do so here, and the issue confronting us is what disposition we should make of the appeal. The Florida and California courts, under their statutes requiring the specification of grounds for granting new trials, hold that failure to make the required specifications requires reversal of the new trial order and the reinstatement of the judgment entered pursuant to verdict. Adkins v. Burdeshaw, 220 S2d 39 (Fla.); Travelers Indem. Co. v. Mary Boutique, Inc., 198

S2d 343 (Fla.) and cases collected; Mercer v. Perez, 68 Cal. 2d 104 (65 CalRptr 315, 436 P2d 315). The Arizona courts follow the Missouri rule and hold that where the trial court does not specify the grounds as required by statute, it will be presumed that the verdict of the jury was correct, placing the burden upon the *appellee* to convince the appellate court that the trial court did not err in ordering a new trial. Lim v. Crespin, 100 Ariz. 80 (411 P2d 809). The Ohio courts take a more traditional approach and hold that the specification of grounds is mandatory, and where there is a failure to so specify, the order granting the motion for new trial will be reversed and the cause remanded with direction to the trial court to redetermine the motion and, if granted, to specify the grounds of its action in so doing. Lawrence v. Moore, 91 Ohio App. 123 (107 NE2d 551), reversed on other grounds, 156 Ohio St. 375 (102 NE2d 595).

We prefer the latter approach. Although it may be subject to some of the criticism set forth in Mercer v. Perez, 68 Cal. 2d 104, supra, that (1) it compels the appellant to prosecute one appeal merely to vindicate his right to a proper record of the ruling below, followed by a second appeal to challenge the ruling on its merits, that (2) there is little incentive for the moving party to insure that the judge complied with the statute at the time of ruling, and (3) that the public has a strong interest in preventing repetitious proceedings in the trial court and multiple appeals from the same order, it is nevertheless more compatible with our disposition of cases where the trial court did not "find the facts specially and state separately its conclusions of law thereon" as required by CPA § 52 (a) (Code Ann. § 81A-152 (a)). In those cases we have re-manded the appeal with direction that the trial court vacate the judgment, cause appropriate findings of fact and conclusions of law to be made, and enter a new judgment thereon, after which the losing party is free to enter an appeal. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490); *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829); *Southern Guaranty Ins. Co. v. Duncan,* 129 Ga. App. 632 (200 SE2d 483); *Stafford v. Mincy,* 129 Ga. App. 646 (200 SE2d 502); *Donaldson v.*

*Hopkins,* 132 Ga. App. 713 (209 SE2d 131); *Bituminous Casualty Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714 (209 SE2d 6). In *Jacobs Pharmacy Co v. Richards & Assoc.,* 229 Ga. 156, 157 (189 SE2d 853), the Supreme Court stated that "The absence of findings would not require a reversal of the judgment, but only a remand of the case for such findings, as was done by the Court of Appeals in *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154)." We therefore reject appellant's contention that the order is void and must be reversed, and instead we remand the case with direction that the trial court vacate its order granting the motions for judgment n.o.v. and for new trial and enter judgment in accordance with CPA § 50 (c) (1), specifying the grounds for granting or denying the motion for new trial. Thereafter the losing party shall be free to enter an appeal, and this court will be in better position to intelligently dispose of the rulings on both the motion for judgment n.o.v. and for new trial in one appeal, rather than in the fractured appeals which would result if we ruled upon the merits of the order granting judgment n.o.v. and remanded only the new trial order. *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427) dealt with the interpretation of Ga. L. 1959, pp. 353, 354, and to our knowledge the ruling made there has not been extended so as to nullify any provision of the Civil Practice Act. We decline to do so now with respect to CPA § 50 (c) (1).

*Appeal remanded with direction. Bell, C. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED MARCH 21, 1975.

*Lefkoff & Hanes, George M. Fox,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellee.