## 50459. HAGIN et al. v. POWERS et al.

WEBB, Judge.
As a result of a fire in a unit of an apartment complex, five complaints were filed by tenants of the unit against James Hagin and Doug Stacks, d/b/a Hagin-Stacks Company. It was alleged that the fire damage sustained by the various plaintiffs was proximately caused by the failure of defendant plumbers to use ordinary care in making repairs to the plumbing of the building occupied by plaintiffs.

The cases were tried together before the court without the intervention of a jury, resulting in a judgment in favor of the tenants in each of the cases. The trial court found that the fire was started through the negligence of defendants' employées Hollowell and Sandford; that Mr. Cloer, the owner of the apartments, was not the

temporary master of these workmen; and that "The court must conclude that the doctrine of temporary master would not apply in this case, and therefore the damage done to the plaintiffs was caused by the negligence of the defendants' agents in the normal course of the defendants' business."

While there are some findings which might be considered as sufficiently supportive of the conclusion that Cloer was not the temporary master, there are no such findings to support a conclusion that Hollowell and Sandford were acting within the scope of their employment with defendants so as to render the latter liable under the doctrine of respondeat superior. This is the critical and disputed issue in this appeal; and because of the failure to make proper findings of fact and conclusions of law on this issue, defendants find themselves handicapped in the prosecution of this appeal and we find ourselves similarly handicapped upon review. Enumeration of error no. 2 complains that "The Court erred in failing to make a finding on the material issue of whether Hollowell and Sandford were acting within the scope of their employment at the time of the fire." *Held:*

The trial court apparently reasoned that if Cloer was not the temporary master of Hollowell and Sandford, then the latter must necessarily have been within the scope of their employment with defendants. That conclusion does not follow as a matter of course and requires sufficient findings of fact to support it, since the workmen may have been the servants of defendants but acting outside the scope of their employment as defendants contend. Consequently we remand the appeal with direction that the trial court vacate the judgment, cause appropriate findings of fact and conclusions of law to be made, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal. CPA § 52 (a) (Code Ann. § 81A-152 (a)); *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490); *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829); *Southern Guaranty Ins. Co. v. Duncan,* 129 Ga. App. 632 (200 SE2d 483); *Stafford v. Mincy,* 129 Ga. App. 646 (200 SE2d 502); *Donaldson v. Hopkins,* 132 Ga. App. 713 (209 SE2d 131); *Bituminous*

*Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714 (209 SE2d 6). See also *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360, remanding the appeal for the specification of grounds for granting a new trial as required by CPA § 50 (c) (1), and *U. S. F. & G. Co. v. Gentile,* 134 Ga. App. 318, remanding a workmen's compensation case to the board for findings of fact as required by Code § 114-707. Compare *Doyal Development Co. v. Blair,* 133 Ga. App. 613 (211 SE2d 642) (cert. granted Jan. 30, 1975, Sup. Ct. No. 29717), where we declined to remand for the curing of formal defects.

For guidance in preparing findings of fact and conclusions of law, *Spivey v. Mayson,* supra, and authorities cited, and *U. S. F. & G. Co v. Gentile,* supra, and authorities cited, may be consulted.

*Appeal remanded with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED APRIL 23, 1975.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellants.

*Robert D. Brooks,* for appellees.