### 50628. ATLANTA CASUALTY COMPANY v. WILLIAMS.

PANNELL, Presiding Judge.

This case is an appeal from the decision and judgment of the trial judge to whom the case was submitted without the intervention of a jury on a complaint upon an insurance policy seeking recovery of the value of an automobile destroyed by fire. The insurer defended on the ground the policy had been canceled in

accordance with Code § 56-2430.1 (see Ga. L. 1968, p. 1126; 1971, pp. 658, 661; Code Ann. § 56-2430.1). The defendant offered evidence of a mailing of a notice of cancellation. The plaintiff offered proof that the notice was never received. It was stipulated that the value of the automobile at the time of the alleged fire was $3,800. There was evidence premium payments were past due at the time of mailing the notice, and that the defendant had failed to make the proper payments because of a misunderstanding on his part as to the amount due. The trial judge, upon consideration of the evidence, entered the following order: "The above captioned matter having come on for trial before the Court without a jury, by agreement of the parties, and it appearing that the plaintiff is seeking to recover insurance proceeds for a fire loss to a 1973 Oldsmobile, plus penalties and attorneys fees, and it further appearing that the primary issue is whether or not the insurance policy was effectively canceled, as required by law, prior to the fire loss. After carefully considering the evidence, depositions and legal briefs submitted by counsel for the parties, it is the opinion of the court that the plaintiff is entitled to recover the full stipulated value of the vehicle which is $3,800.00, and it is further the opinion of the court that the insurance policy was not effectively canceled, as required by law, prior to the fire loss, and, it is, Ordered and Adjudged that the plaintiff, James D. Williams, recover the sum of $3,800.00, for the loss of the vehicle, from the defendant, Atlanta Casualty Company, with all costs taxed against the defendant."

The defendant insurance company appealed, enumerating as error that the trial judge failed to make findings of fact and separate conclusions of law as required by Ga. L. 1969, pp. 645, 646, amending the Civil Practice Act, by enacting a "Code Section 81A-152" as amended by Ga. L. 1970, pp. 170, 171. This apparently was intended for Section 52 of the Civil Practice Act which had been left reserved in the original Act. Error was also alleged on the grounds that the appellant claimed that it was entitled to judgment as a matter of law based on the cancellation of the policy. Error was also enumerated on the failure of the trial judge in rendering the judgment

complained of in not deducting the amounts owed as premiums by the plaintiff appellee, as well as its failure to deduct the $50 deductible as provided in the policy.

1. The evidence did not demand a finding that a *notice of cancellation* was in the envelope addressed to the insured. The witness who testified as to the mailing testified that three copies of the notice are made and that they are sent to him *already placed* in window envelopes attached to the file copy of the notice. There was no *direct* testimony that a *notice of cancellation* was in the envelope mailed. While the evidence as to office routine was amply sufficient to authorize such a finding, the evidence as to the denial of receipt of the notice in the absence of direct evidence the mailing contained the notice was sufficient to make a jury question as to the mailing of a notice of cancellation. See *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739 (216 SE2d 127); also *Allstate Ins. Co. v. Cody,* 123 Ga. App. 265 (2) (180 SE2d 596). Accordingly the evidence did not demand a finding that cancellation of the policy was accomplished prior to the destruction of the automobile by fire.

2. The State Court of Bibb County was formerly a constitutional court or like court known as the City Court of Macon (Ga. L. 1884-1885, p. 470) the name of which was changed to "State Court of Bibb County" by the Act of 1966 (Ga. L. 1966, p. 3302). By § 3 of the Act of 1970 (Ga. L. 1970, pp. 679, 680) the names of all courts of a similar nature were changed to "State Court of (whatever county in which the court is located) County." In § 8 of that Act it was provided "The rules of practice and procedure that are applicable to the superior courts of this State shall be the rules which govern practice and procedure of the courts which come under the provisions of this Act." The State Court of Bibb County being such a court as described in § 2 of the Act of 1970, § 8 of that Act is applicable thereto, and this being so the Act of 1969 (Ga. L. 1969, pp. 645, 656, as amended (Ga. L. 1970, pp. 170, 171)) which provides "[i]n all actions in Superior Court tried upon the facts without a jury [with exceptions not here relevant], the court shall find the facts specially and state separately its conclusions of law thereon . . ." applies to the State Court of Bibb County. *Bell v. Stocks,* 128 Ga. App. 799, 800 (198

SE2d 209). This requirement is mandatory unless waived in writing by the parties. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829).

The order, rulings and judgment of the trial judge fail to meet the requirements of the statutes. *Donaldson v. Hopkins,* 132 Ga. App. 713 (209 SE2d 131); *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.,* 132 Ga. App. 714, 718 (2) (209 SE2d 6); *Phillips &c. Corp. v. Production 70's,* 133 Ga. App. 765, 767 (2) (213 SE2d 35).

We accordingly, in conformity with prior decisions cited above, remand the case to the trial judge with direction that he prepare appropriate findings of fact and conclusions of law and enter judgment thereon taking into consideration any applicable deductible provisions of the policy sued upon and any proof as to premiums owed the defendants.

*Judgment reversed and remanded with directions. Quillian and Clark, JJ., concur.*

ARGUED MAY 8, 1975 — DECIDED
SEPTEMBER 2, 1975.

*Jones, Cork, Miller & Benton, Carr G. Dodson, Rufus D. Sams, III,* for appellant.

*Evans, Dozier, Mann & Wingate, L. Z. Dozier,* for appellee.