## 51398. LAWSON v. ALVERS.

QUILLIAN, Judge.

The plaintiff brought a proceeding against a tenant holding over in the Civil Court of Fulton County. The defendant answered and counterclaimed. The case came on for trial at which the following order was entered: "The above case having been called regularly on the calendar, no appearance having been made by the plaintiff, defendant having presented evidence on his counterclaim, it is therefore ordered and adjudged that the defendant recover and have judgment against the plaintiff in the sum of $304.90 ($59.90 difference of damages minus rent plus $245.00 moving expenses) all costs to be cast on the plaintiff." This order was entered on June 17, 1975.

The plaintiff then brought a motion to set aside the judgment based on the allegation that the plaintiff was not properly notified of the date of the hearing. This came on for hearing at which evidence was introduced and the trial judge entered an order overruling the motion to set aside the judgment. On July 15, 1975 the plaintiff appealed to this court from both of the adverse judgments. *Held:*

1. "The trial court was required by Georgia Law, Code Ann. § 81A-152 (a) (Ga. L. 1969, p. 645, as amended, Ga. L. 1970, p. 170) (made applicable to Civil Court of Fulton County by Ga. L. 1970, p. 2446, in cases where the amount sought to be recovered exclusive of interest, attorney's fees and costs, is $300 or more) to 'find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to § 81A-158. . .' " *Reese v. Ideal Realty Co.,* 128 Ga. App. 684, 685 (197 SE2d 829). Accord, *Philips Broadcast &c. Corp. v. Production 70's,* 133 Ga. App. 765, 767 (213 SE2d 35). Such action is mandatory and not discretionary. *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471). This rule is applicable where a default judgment is entered. *Bell v. Stocks,* 128 Ga. App. 799, 800 (198 SE2d 209).

The trial judge erred in entering the judgment of June 17, 1975 without findings of fact and conclusions of

law. The appeal must therefore be remanded with direction that the trial judge vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law and enter a new judgment. Thereafter the losing party shall be free to enter another appeal if he should desire. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154).

2. The above ruling renders the motion to set aside moot insofar as the rendition of damages in the amount of $304 for the defendant was concerned. However, insofar as the motion raises an issue as to the entry of judgment against the plaintiff it is without merit. The trial judge heard evidence with regard to the question of notice (CPA § 40 (c), Code Ann. § 140 (c); Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108) and was authorized to find that notice was given the plaintiff.

*Appeal remanded with direction. Pannell, P. J., and Clark, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED NOVEMBER 26, 1975.

*A. Guy Smith, Jr.,* for appellant.
John Alvers, *pro se.*