## 51623. HOPKINS v. DONALDSON.

EVANS, Judge.

This case involves a suit on contract. A trial resulted in a judgment in favor of defendant. In *Donaldson v. Hopkins,* 132 Ga. App. 713 (209 SE2d 131), on appeal by the plaintiff, the case was remanded with direction that the judgment be vacated and the court make appropriate findings of fact and conclusions of law under the authority of *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154), and Code Ann. § 81A-152. This was not a simple reversal, but a remand with a direct mandate by this court.

Instead of carrying out the mandate of this court, the lower court, although it vacated the judgment, returned the case to the non-jury division for a new trial, stating the same had not been reported and that there was no transcript of evidence and the lower court was unable to remember the evidence and render findings of fact and conclusions of law. This was contrary to the record, which shows the case was reported and there was a transcript of the testimony.

Counsel for defendant withdrew from the case. Another judge, assigned to the non-jury division, heard the case without notice to the defendant. Judgment was rendered in favor of the plaintiff. The second judge admitted that there was an original transcript of evidence, but he asserted that because of the passage of time he was having the case tried over again. The defendant did not appear, and, after hearing evidence, a judgment was rendered in favor of the plaintiff.

Thereafter, garnishment proceedings were filed, and defendant became aware of the judgment against him, employed again his original counsel who filed a motion to

vacate and set aside the judgment, which was denied. Defendant appeals. *Held:*

1. A motion to dismiss the appeal was made by plaintiff. Said motion is made because he contends the same is not an appealable judgment. He cites *Shannon Co. v. Heneveld,* 135 Ga. App. 252 (217 SE2d 424); but that case is entirely different on its facts from the case at bar. Here the motion to set aside is based upon the illegal actions of the trial judge as clearly shown in the record. See Code Ann. § 81A-160 (a) (d); and *Paine v. Board of Tax Assessors,* 124 Ga. App. 233, 235 (183 SE2d 474).

2. At the second trial, the defendant's absence was because he had not been notified that there would be a second trial; and he did not expect a second trial, especially in view of the Court of Appeals having sent the case back *not to be tried over again but for the lower court to make findings of fact and conclusions of law based upon the record of the first trial.* The defendant was therefore not represented as to anything that occurred in the second trial during his absence and lack of notice that there would be a second trial. Cases no longer may be placed upon a trial calendar without notice to the parties. See Code Ann. § 81A-140 (c); *Siefferman v. Kirkpatrick,* 121 Ga. App. 161 (4) (173 SE2d 262); *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603). Let us point out here that plaintiff had knowledge that the defendant was unrepresented, although the record is silent as to how the case came to be placed on the calendar, whether by request of counsel or by the court.

3. The last judgment in the lower court being void, and having been rendered without jurisdiction, and having resulted from a complete ignoring of the mandate of this court, it has no efficacy whatever. The only thing the lower court could have done when the remittitur came to that court was to carry out the mandate of the Court of Appeals and make appropriate findings of fact and conclusions of law.

4. The judgment here appealed is reversed with direction to the lower court to carry out the original mandate of this court as set forth in *Donaldson v. Hopkins,* 132 Ga. App. 713, supra, which is the law of this case.

*Judgment reversed with direction. Marshall, J.,*

*concurs. Pannell, P. J., concurs in the judgment only.*

ARGUED JANUARY 6, 1976 — DECIDED FEBRUARY 4, 1976 —
REHEARING DENIED FEBRUARY 26, 1976 —

*Feagin, Feagin & Strickland, John E. Feagin, Jr.,* for appellee.