### 57494. AMERICAN KEY CORPORATION v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

UNDERWOOD, Judge.

This is a proceeding instituted by the Metropolitan Atlanta Rapid Transit Authority (MARTA) pursuant to Code Ann. Ch. 61-3 for possession of premises needed for a MARTA transit station but being withheld by American Key Corporation. The record reveals that whatever interest American Key may have had in the premises has been acquired by MARTA through condemnation proceedings in another court and that MARTA now has possession of, and fee simple title to, the premises in question. Accordingly, any question as to the propriety of the lower court's order granting possession to MARTA in this dispossessory proceeding is moot and need not be ruled upon. *Vlahos v. DeLong,* 132 Ga. App. 722, 724 (2) (209 SE2d 12) (1974); *Lee v. Tollerson,* 139 Ga. App. 446, 447 (2) (228 SE2d 595) (1976); Code Ann. § 6-809 (b). See also *Gaddis v. Georgia S. & F. R. Co.,* 145 Ga. App. 826 (245 SE2d 8) (1978).

Nor do we find any reason for reversal with respect to the trial court's order releasing to MARTA the cash bond it had posted. The court had required it as a condition to granting the writ of possession and its purpose, as the trial court stated in the order, was "to indemnify the defendant, American Key Corporation, for any and all damages which it may obtain as a result of its [counterclaims]." It is clear from the record that American Key subsequently dismissed these counterclaims obviating the need for the bond, and thereafter MARTA dismissed its petition with the result that the court, with no further proceedings before it, allowed MARTA to

withdraw the bond. We find no error since it had lost whatever raison d'etre it may have ever had.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs specially.*

ARGUED MARCH 6, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 14, 1979 —

*Tony Center,* for appellant.

*Kutak, Rock & Huie, Terrence Lee Croft, David G. Russell,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the result reached by the majority in this case and I fully agree with the majority's reasoning supporting the affirming of the trial court's order releasing to MARTA the cash bond it had posted in accordance with an earlier order of court.

However, the majority disposes of appellant's contentions with regard to the writ of possession by relying upon mootness. I do not think that, in this case, appellate review is permissible as to the issue of the writ of possession even to the extent of determining mootness.

The writ of possession complained of was entered on November 30, 1976, and no notice of appeal was taken therefrom within 30 days from the entry thereof. Pretermitting the question of appealability of the 1976 writ of possession at the time of the notice of appeal bringing this case to this court (see *Crymes v. Crymes,* 148 Ga. App. 299 (251 SE2d 155) (1978), and *Golden Key Restaurant &c. v. Key Mgmt. Corp.,* 137 Ga. App. 251 (1) (223 SE2d 284) (1976), holding a writ of possession to be a final appealable judgment.), the record clearly reveals that — even at that time — there was no appeal from the 1976 writ of possession. The original notice of appeal was filed on November 29, 1978, and stated plainly that appellant appealed to this court from the order releasing the bond dated November 6, 1978. Only by an "Amendment to Notice of Appeal" filed on January 11, 1979, did appellant attempt to appeal from the order dated November 30, 1976. It is clear that appellant could

not have filed an "original" notice of appeal from either order later than December 6, 1978. *Hull v. Campbell,* 130 Ga. App. 637 (204 SE2d 312) (1974). Appellant has cited no authority sanctioning the amendment of a notice of appeal 44 days after the filing thereof to include an order not specified in the original appeal. I know of no such authority and would grant appellee's motion to dismiss the appeal insofar as the same relates to the 1976 writ of possession.