### 57926. PETKAS v. PIEDMONT-LINDBERG CORPORATION et al.

UNDERWOOD, Judge.

Plaintiff in this shareholder's derivative action, appeals from an order granting defendants' motion to require him to pay the reasonable expenses incurred by them in the defense of the action, including attorney fees, as provided for by Business Corporation Code § 22-615 (e) authorizing such an award "upon final judgment and a finding that the action was brought without reasonable cause." We remand with direction.

1. Plaintiff contends, inter alia, that since he had voluntarily dismissed the action after a day and a half of trial, there was no "final judgment" as § 22-615 (e) requires. In response defendants move to dismiss the appeal on the ground, inter alia, that if the award is not a "final judgment" as plaintiff claims, then he may not properly appeal from it pursuant to Code Ann. § 6-701 (a) 1. We hold that the award was "final" for both purposes.

It is our view that plaintiff cannot avoid the application of § 22-615 (e) by the simple expedient of dismissing the action as was attempted here since a

contrary holding would obviously frustrate the purpose of the statute. In addition, the award must be taken as "final" for appeal purposes since "the cause is no longer pending in the court below." Code Ann. § 6-701 (a) 1. (Cf. *American Key Corp. v. MARTA,* 150 Ga. App. 21 (256 SE2d 618) (1979) (order releasing bond as last order in case)). The motion to dismiss the appeal on this ground is denied, as well as on the remaining ground concerning the filing of the transcript in the trial court. Code Ann. § 6-809 (b).

2. As there has not been "a finding that the action was brought without reasonable cause" as required by that section, the appeal will be remanded with direction that the trial court vacate the order, cause the appropriate finding to be made, and enter a new order thereon after which the losing party shall be free to enter another appeal. (Cf. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154) (1971); *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360 (214 SE2d 425) (1975), overruled other grounds *Smith v. Telecable of Columbus,* 140 Ga. App. 754 (232 SE2d 100) (1976) (itself reversed *Smith v. Telecable of Columbus,* 238 Ga. 559 (234 SE2d 24) (1977))).

*Appeal remanded with direction. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 13, 1979 — DECIDED SEPTEMBER 13, 1979.

*Robert N. Meals, Arnold E. Rubinoff,* for appellant. *Alford Wall, A. J. Block, Jr.,* for appellees.