JOSEPH C. HOLMAN *vs.* WOODARD LEWIS.

Franklin.    Opinion July 12, 1910.

*Real Actions.   Burden of Proof.   Evidence.   Deeds.   Attested Copies.   Nonsuit.*
*Lis Pendens.   Trial.   Rule of Court No. XXVI.*
*Revised Statutes, chapter 84, section 125.*

In a real action to recover land the burden is on the plaintiff to prove title to the land demanded.

While Revised Statutes, chapter 84, section 125, and Rule of Court No. XXVI, does not permit the grantee of a deed, or one claiming as heir of the grantee, or justifying as servant of the grantee or his heirs, to introduce in evidence an attested copy from the registry of deeds instead of the original deed, yet it does allow a grantee from such heir to introduce such office copy in his own behalf, though in a previous suit the heir to recover the same land she was not permitted to introduce the office copy, and conveyed her interest to the grantee, her attorney in that suit, and then became voluntarily nonsuit, it not appearing that the conveyance was not made in good faith and with intent actually to pass the title.

In the absence of any circumstances tending to remove the presumption therefrom, an attested copy of a deed from the registry of deeds is prima facie proof not only of the execution of the deed but also of the delivery thereof.

A voluntary nonsuit in an action to recover land as an heir, does not bar a subsequent suit by the heir's grantee.

A judgment of nonsuit is not a bar to a subsequent suit, even when ordered by the court, because, while the facts introduced may be held insufficient in law to support the action, they have not been adjudged—that is, decided—in the defendant's favor.

A nonsuit is not equivalent to a judgment for the defendant.

A grantee of land in litigation takes it subject to such judgment as may eventually be rendered.

On report.　Judgment for plaintiff.

Real action to recover one undivided half part in common and undivided of certain real estate in New Vineyard, Franklin County. Plea, the general issue with brief statement that the plaintiff obtained his title pendente lite and was precluded from maintaining his action because of a subsequent judgment of nonsuit in the action then pending.

An agreed statement of facts was filed and the case was then reported to the Law Court for determination with the stipulation that "if, on the above statement of facts, the plaintiff is legally precluded by that judgment of nonsuit from maintaining this action for the land in consequence of said suit of said McCleery becoming nonsuit and after the costs in the said suit had been paid by said McCleery, and before the commencement of the present suit by plaintiff, then plaintiff is to become nonsuit; otherwise judgment is to be rendered for the plaintiff for the land in question in this suit and for his costs of suit."

The case is stated in the opinion.

MEM.　See *McCleery* v. *Lewis*, 104 Maine, 33.

*Joseph C. Holman,* pro se.

*Frank W. Butler,* for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J.　Writ of entry to recover one undivided half of certain land.　Plea, nul disseisin with a brief statement that plaintiff obtained his title pendente lite, and is precluded from maintaining this action because of a subsequent judgment of nonsuit in the action then pending.

The burden rested on the plaintiff to prove title to the land demanded. This he did by introducing in evidence the original deed from his grantor Eliza A. McCleery, dated September 22, 1908, and an attested copy from the registry of deeds, of a deed from Joshua Miller, to Rispah Hewey, the mother of both Mrs. McCleery and the defendant, dated October 27, 1855, conveying a life estate to the mother who is now dead, and the remainder to said children.

This met the burden of proof in the first instance, because under R. S., chap. 84, sec. 125, "in all actions touching the realty or in which the title to real estate is material to the issue, where original deeds would be admissible, attested copies of such deeds from the Registry may be used in evidence, without proof of their execution, when the party offering such copy is not a grantee in the deed, nor claims as heir, nor justifies as servant of the grantee or his heirs." See also Rule of Court, No. XXVI. The plaintiff comes within none of these exceptions and therefore was entitled to the benefit of the provision allowing an office copy to be used. *Baring* v. *Harmon*, 13 Maine, 361. In the absence of any circumstances tending to remove the presumption arising therefrom, such copy was prima facie proof not only of the execution but of the delivery of the deed. *Whitmore* v. *Learned*, 70 Maine, 276; *Egan* v. *Horrigan*, 96 Maine, 46, page 49.

The agreed statement is barren of any facts tending to remove the presumption of execution and delivery and therefore the plaintiff's case is so far made out.

The defendant, however, rests his defense upon the following facts which are not in controversy.

In September, 1906, the plaintiff's grantor, Eliza A. McCleery, brought a writ of entry against this defendant to recover the same premises. The plaintiff Holman was her attorney in that action. At the trial Mrs. McCleery claimed title under the deed before mentioned from Joshua Miller to her mother, Rispah Hewey, dated October 27, 1855. Her mother had died several years prior to the commencement of that action, and Mrs. McCleery was unable to procure the original deed or to produce any witness who ever saw

such a deed or heard it read. She offered, as her only evidence of title, an office copy of the deed, which was admitted subject to exception, and, the jury having returned a verdict for the plaintiff, the case was carried to the Law Court where the exceptions were sustained and a new trial granted on the ground that the party offering the office copy claimed as heir of the grantee and therefore could not avail herself of the statute and rule of court before referred to. See *McCleery* v. *Lewis*, 104 Maine, 33. After the decision of the Law Court and before final entry, Mrs. McCleery conveyed the premises in question by a warranty deed to her attorney, Mr. Holman, the plaintiff in the case at bar. He purchased them pendente lite and with full knowledge of the situation. After the conveyance to Mr. Holman, and at a subsequent term of court, Mrs. McCleery voluntarily became nonsuit in her then pending action, and after the costs had been paid, the present action was begun by Mr. Holman.

The only question submitted to the court is whether the entry of nonsuit in the original case is a bar to the maintenance of the present action. In the opinion of the court it is not. It is indeed true that the plaintiff, having obtained title with full knowledge of the pending suit, is bound by the result of that suit as his grantor would have been had she kept the title. "It is a well settled rule of law that he who takes a conveyance of land in litigation takes it subject to such judgment as may eventually be rendered in that case." *Berry* v. *Whittaker*, 58 Maine, 422. The transfer to the plaintiff under the circumstances gave him no better title than his grantor had. In the matter of proving title he had an advantage because he could avail himself of the provisions of R. S., ch. 84, sec. 125, while his grantor could not; but so far as the title itself was concerned, it remained in his hands as in hers, subject to the attack of any judgment that might be rendered in the pending suit. His title was her title, no more and no less. The fact is, however, that the title itself was wholly unaffected by that suit. The court rendered no binding judgment on that question. Mrs. McCleery was unable to introduce legally admissible evidence of her title. She could not prove her case. Failing in this, she voluntarily

became nonsuit. But that did not preclude her from beginning another action the very next day, if perchance she had found the original deed to her mother and could have proved its execution and delivery. It was a question of evidence and the new action would be sustained if the evidence were sufficient and the costs of the first suit were paid.

A judgment of nonsuit is not a bar to a subsequent suit even when ordered by the court, because while the facts introduced may be held insufficient in law to support the action, they have not been adjudged, that is, decided in the defendant's favor. A nonsuit is not equivalent to a judgment for the defendant. *Knox* v. *Waldoboro*, 5 Maine, 185; *Pendergrass* v. *York Mfg. Co.*, 76 Maine, 509; *Day* v. *Philbrook*, 89 Maine, 462. A voluntary nonsuit should certainly have no greater effect. If Mrs. McCleery could have maintained another suit upon adequate evidence, it necessarily follows that the plaintiff, her grantee, has the same right. The judgment of nonsuit is no more a bar against him than against her. The plaintiff has commenced this new action and with the aid of the statute before referred to, has introduced sufficient evidence in the first instance to maintain it. What was inadmissible evidence in his grantor's case was admissible in his, and that evidence is not rebutted.

There is no suggestion that the conveyance to the plaintiff was not made in good faith with intent actually to pass the title. What would be the effect of a mere colorable conveyance made for the benefit of the grantor to enable him to avoid the exception in the statute is a question not now before us.

In accordance with the stipulation of the parties, the entry must be,

> *Judgment for the plaintiff for the*
> *premises demanded and costs.*