OWEN, Judge.
In this stockholders’ derivative action brought under Section 608.131, F.S.1965, F.S.A., the court entered a judgment favorable to the plaintiffs. In the final judgment the court awarded the plaintiffs attorneys’ fees of $4500.00 and accountants’ fees of $1200.00, expressly providing that the plaintiffs would receive $3000.00 of the attorneys’ fees out of the fund which they had recovered on behalf of the corporation, but that the remaining $1500.00 of attorneys’ fees and the full $1200.00 of accountants’ fees were taxed against the defendants. The defendants appealed, their sole assignment of error directed to the court taxing against them $2700.00 of the attorneys’ fees and accountants’ fees awarded plaintiffs. The plaintiffs then cross appealed, assigning as error certain credits allowed defendants in the accounting taken by the court. We have previously denied appellants’ motion to dismiss the cross appeal. Brown v. Epstein, Fla.App. 1968, 208 So.2d 836.
When an action filed on behalf of a corporation under Section 608.131, F.S.1965, F.S.A., is successful, it is proper for the court to determine and award to the plaintiffs the reasonable expenses of maintaining the action, including reasonable attorneys’ fees. Section 608.131(5), F.S.1965, F.S.A., contemplates that the amount so determined and awarded shall be paid from the fund recovered by the plaintiffs for the benefit of the corporation, whether such recovery is as a result of a judgment, compromise or settlement. This is so, because the statute expressly provides that the court may then direct the plaintiffs to account to *246 the corporation for the remainder of the proceeds so received by them. There was no agreement between the parties providing for payment of the plaintiffs’ attorneys’ fees and accountants’ fees, and in the absence of statute or contract, these were not properly taxable as costs against the defendants. Shavers v. Duval County, Fla.1954, 73 So.2d 684; 8 Fla.Jur., Costs, § 33.
Appellees’ cross assignments directed to various credits allowed to defendants in the accounting taken by the court have been carefully considered, but they are without merit with one exception. The court allowed a credit to the defendant Harlin Development Corporation because it had been a stockholder during the period of time covered by the accounting and thus had an equitable proportionate interest in the surplus fund recovered by plaintiffs for the corporation’s benefit. The amount of credit allowed defendant Harlin Development Corporation should have been computed on the basis of the net surplus for the years 1963, 1964 and 1965 after the common fund had been charged with the total sum of $5,700.00 which the court allowed plaintiffs as attorneys’ fees and accountants’ fees.
The final judgment covered many other facets of the case of which neither party complained. The judgment is therefore affirmed in all respects except that portion awarding to plaintiffs, for and on behalf of Ambassador South, Inc., judgment against the defendants, Samuel T. Brown, Bess Brown and Harlin Development Corporation, jointly and severally, in the sum of $8,659.97, which portion of said judgment is reversed, and this cause is remanded for entry of a judgment in favor of plaintiffs as determined consistent with this opinion.
Affirmed, in part; reversed, in part.
CROSS, C. J., and REED, J., concur.