## 59975. GRIZZARD et al. v. PETKAS.

Sognier, Judge.

This proceeding first came to this court on an appeal from the grant of attorney fees to the defendants and against the plaintiff in a shareholders' derivative action. This court remanded to the lower court to make " 'a finding that the action was brought without reasonable cause' " as required by Business Corporation Code § 22-615 (e). The direction given was to "vacate the order, cause the appropriate finding to be made, and enter a new order thereon after which the losing party shall be free to enter another appeal." *Petkas v. Piedmont-Lindberg Corp.,* 151 Ga. App. 323, 324 (259 SE2d 713) (1979).

The trial court vacated its previous order and entered a new order, reciting that it had carefully considered the defendants' motion for expenses and attorney fees in light of our decision in *Petkas,* supra, and had studied all briefs and the entire record. The trial court then made the following finding: "The court finds that there appears to be reasonable cause for the bringing of this action." The defendants' motion for expenses and attorney fees was denied. They appeal this ruling, inter alia, claiming the trial court failed to enter findings of fact and that the evidence is contrary to the order and judgment.

Code Ann. § 22-615 (e) provides: "In any such action hereafter instituted, the court having jurisdiction, upon final judgment and *a finding that the action was brought without reasonable cause,* may require the plaintiff or plaintiffs to pay to the parties named as defendant the reasonable expenses, including fees of attorneys, incurred by them in the defense of such action." (Emphasis supplied.)

This code section shows clearly that to sustain an award the court must find that the action was brought without reasonable cause, and also provides that the court *may* require the plaintiff to pay to the defendants the reasonable expenses incurred by them in defending such action. In our opinion the finding, while needed to *support* an award, is not needed to *deny* an award. Here, however, a finding of reasonable cause was made. Since the order here was made pursuant to a motion in the case, no findings of fact and conclusions of law are required under Code Ann. § 81A-152.

The court, exercising its discretion, reviewed the record and denied the expenses and attorney fees. As the record discloses evidence to support the trial court's finding, we will not disturb it. *Chambers v. Almond,* 146 Ga. App. 46, 48 (245 SE2d 336) (1978).

The remaining enumerations of error are moot, as the plaintiff's

suit was dismissed prior to the first appeal in this case and the errors charged arose in those earlier proceedings. Code Ann. § 6-809 (b); *C. & S. Nat. Bank v. Miller,* 134 Ga. App. 235 (214 SE2d 9) (1975). *Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 18, 1980.

*Alford Wall,* for appellants.
*Robert N. Meals, Kathie G. McClure,* for appellee.