## 62991. SMITH v. HARTFORD FIRE INSURANCE COMPANY et al.

POPE, Judge.

Appellant's house was destroyed by fire on October 19, 1979. The house was insured by appellee, Hartford, which mailed a check to appellant for $6,868.00 to cover the loss of the contents of the destroyed dwelling. Appellant refused to accept the check, which was made payable to both appellant and his former wife, and returned it to Hartford requesting that they issue a check payable only to him. The insurer refused.

Appellant had informed the insurer that he had been divorced prior to the fire and the final divorce decree incorporated an agreement whereby appellant's ex-wife received $4,000.00 as full and final settlement of all her claims against appellant's real and personal property. The ex-wife, however, presented to the insurer a writing executed by the appellant which indicated that the furniture and appliances in appellant's house were property of the ex-wife and were not appellant's personal property referred to in the divorce decree. The ex-wife therefore claimed she was entitled to the insurance proceeds for personal property contained in the premises. The insurer, having been made aware of this written admission by the appellant, would not issue the insurance check solely to appellant because he offered no proof of ownership of the contents.

Appellant initiated an action against the insurer in the State Court of Tattnall County on July 29, 1980 to collect the insurance proceeds. On October 20, 1980 appellant's ex-wife filed a motion to intervene as provided by Code Ann. § 81A-124. She filed a complaint against the insurer claiming a right to the insurance proceeds and requesting that appellant's claim against the insurer be dismissed. Hartford filed a motion for summary judgment on November 25, 1980. The hearing on that motion and the motion to intervene was held on December 12, 1980.

A partial summary judgment as to that portion of appellant's complaint requesting bad faith penalties and attorney fees against Hartford was granted and, according to Hartford's statement of facts, the judge indicated that he would grant summary judgment in favor of Hartford as to the remainder of appellant's complaint based on a set of admissions the appellant had failed to answer in a timely fashion. Appellant urges that no such ruling was made by the judge. No transcript of the hearing is available, but the record indicates that the response to the request for admissions was filed late. See Code Ann. § 81A-136. However, at the request of appellant's counsel, the judge allowed time for the submission of briefs. Subsequently,

appellant's counsel attempted to dismiss his complaint against Hartford by filing a voluntary dismissal. The action remained before the trial court despite the attempted dismissal. The court issued an order granting the motion to intervene. This order was filed with the clerk on December 22, 1980, three days after the filing of appellant's voluntary dismissal. The case was disposed of by summary judgment entered January 8, 1981.

On February 6, 1981 appellant initiated an action for declaratory judgment concerning the proceeds of the fire insurance policy in the Superior Court of Tattnall County. The superior court dismissed the complaint and it is this judgment from which appellant appeals.

1. Appellant contends the trial court erred in granting the insurer's motion to dismiss the declaratory judgment action. Appellant urges that the previous state court action was terminated by his voluntary dismissal and therefore did not preclude litigation of the issues now raised in the declaratory judgment action in the superior court.

An action may be dismissed by a plaintiff, without order of the court, by filing a written notice of dismissal at any time before verdict. Code Ann. § 81A-141(a). However, "[i]t has been held that the plaintiff's right to dismiss cannot be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached . . ." *Jones v. Burton,* 238 Ga. 394, 395 (233 SE2d 367) (1977). The announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the judge. *Id.* If the state court judge announced his proposed ruling at the time of the hearing on the motion for summary judgment, as contended by appellees, the attempted voluntary dismissal would have been ineffective and the action would have properly remained before the state court, where it was subsequently disposed of by summary judgment. As there is no indication in the record that this did not occur or that jurisdiction was otherwise improper, the judgment of the state court constitutes a final judgment on the merits of the subject controversy until set aside or reversed. "It will be presumed that a judgment rendered in a court of general jurisdiction was supported by every fact essential to make it valid and binding." *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399) (1939). Therefore, appellant was collaterally estopped from raising the same issues decided by the state court in this subsequent action seeking a declaratory judgment in superior court. See *Blakely v. Couch,* 129 Ga. App. 625 (1) (200 SE2d 493) (1973).

2. Appellant urges the trial court erred in dismissing the declaratory judgment action without making findings of fact and conclusions of law. "Since the order here was made pursuant to a motion in the case, [in effect a motion for judgment on the pleadings pursuant to Code Ann. § 81A-112 (c),] no findings of fact and conclusions of law are required under Code Ann. § 81A-152." *Grizzard v. Petkas,* 155 Ga. App. 741 (272 SE2d 583) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 9, 1982 —
REHEARING DENIED APRIL 2, 1982.

*Jon Gary Branan,* for appellant.
*Bobby T. A. Jones, Carroll V. Reynolds, Kathy A. Bradley,* for appellees.