550 So.2d 1145 (1989)
Daniel L. GINSBERG, and Marguerite Jeannean Winner, As Stockholder of Kanaki, Inc., Appellants,
v.
Theodore S. KEEHN, Michael M. Gilbert, and Albert Cohen, Appellees.
Michael M. GILBERT, Appellant,
v.
Milton E. GRUSMARK, and Marguerite Jeannean Winner, As Stockholder of Kanaki, Inc., Appellees.
Nos. 88-764, 88-766 and 88-2011.
District Court of Appeal of Florida, Third District.
August 29, 1989.
On Motion for Rehearing October 17, 1989.
*1146 Bernard Berman, Fort Lauderdale, for appellant Daniel L. Ginsberg.
Burton Ginsberg, North Miami Beach, for appellant/appellee Marguerite Jeannean Winner.
Jeffrey J. Pardo, Miami, for appellee Albert Cohen.
No appearance, for appellee Theodore S. Keehn.
Joseph S. Paglino, Miami, for appellee/appellant Michael M. Gilbert.
Juan Aramos, for appellee Milton E. Grusmark.
Before BARKDULL, HUBBART and COPE, JJ.
COPE, Judge.
These consolidated appeals challenge the trial court's rulings with respect to the award of attorney's fees following a shareholder derivative action. We affirm the trial court's rulings with the exception of an award of prejudgment interest.
The suit below originated as an action brought by Marguerite Winner on her own behalf, and derivatively on behalf of Kanaki, Inc., a closely-held Florida corporation. Winner and her ex-husband, Theodore S. Keehn, were stockholders of Kanaki. The suit alleged that defendant Keehn had fraudulently conveyed Kanaki's sole asset, real estate, to another corporation controlled by Keehn and others, for nonexistent or inadequate consideration. As a result, according to the complaint, plaintiff Winner's forty percent interest in Kanaki, received in a property settlement agreement in dissolution of marriage, was rendered worthless. Plaintiff's complaint was filed by Daniel L. Ginsberg, representing her in her individual capacity, and Milton E. Grusmark, representing her as shareholder of Kanaki, proceeding derivatively on behalf of Kanaki.[1]
During the pendency of the suit, the real estate was conveyed back to Kanaki, thus rendering that claim moot. The trial court's dismissal of plaintiff's remaining substantive claims was affirmed by this court without opinion, Winner v. Gilbert, 529 So.2d 703 (Fla. 3d DCA 1988), leaving pending only plaintiff's claim for attorney's fees.
Kanaki, Inc. was placed in bankruptcy, and the real estate was sold for $625,000. Attorneys Ginsberg and Grusmark applied to the bankruptcy court for attorney's fees for their work in the state court litigation, but that claim was referred to the state court for determination. The trial court awarded a $35,000 fee to derivative counsel Grusmark and denied fees to individual counsel Ginsberg. The trial court ordered that derivative counsel would have a charging lien that would be superior to claims of any stockholder of Kanaki. The trial court also stayed enforcement of the judgment, noting that the bankruptcy court would *1147 have sole jurisdiction to determine the effect of the judgment.
We affirm the denial of attorney's fees to individual counsel Ginsberg. There was substantial competent evidence to support the trial judge's conclusion that Ginsberg had acted only on behalf of Winner individually, and therefore was not entitled to attorney's fees under section 607.147, Florida Statutes (1987). There was no abuse of discretion in denying attorney's fees under section 57.105, Florida Statutes (1987). Mr. Ginsberg must therefore look to his client, Ms. Winner, for payment of his fee.
We affirm the award to derivative counsel Grusmark. Where, as here, a corporation voluntarily takes the action demanded in a derivative suit, the trial court has discretion to award an attorney's fee to derivative counsel, so long as the trial judge is satisfied that there is a causal connection between the derivative suit and the corporate action, and that there has been a resultant benefit to the corporation. Such a suit is by definition "successful, in whole or in part." § 607.147(5), Fla. Stat. (1987); see McDonnell Douglas Corp. v. Palley, 310 A.2d 635, 636-37 (Del. 1973); see also 51 Island Way Condominium Ass'n, Inc. v. Williams, 458 So.2d 364, 366 (Fla. 2d DCA 1984); Lewis v. Anderson, 692 F.2d 1267, 1270-71 (9th Cir.1982); Altman v. Central of Georgia Ry. Co., 540 F.2d 1105, 1106 (D.C. Cir.1976). Moreover, "where a stockholder's derivative suit has been rendered moot by subsequent action of the defendant, the latter has the burden of showing that there was no causal connection between the two in order to defeat the stockholder's claim for legal fees and expenses." McDonnell Douglas Corp. v. Palley, 310 A.2d at 637. Although the defendants argue otherwise, there was ample evidence on which the trial court could conclude that the suit had caused reconveyance of the property to Kanaki.
The attorney's fee award is also opposed on the theory that the reconveyance of the real estate did not create a fund from which the attorney's fees could be paid, and therefore no fees could be awarded. While there is some authority for such an interpretation, see Brown v. Epstein, 227 So.2d 245-46 (Fla. 4th DCA 1969); Schilling v. Belcher, 582 F.2d 995, 1003 (5th Cir.1978), that is too narrow a reading of the statute.
Subsection 607.147(5), Florida Statutes (1987) provides, in part:
(5) If the action on behalf of the corporation is successful, in whole or in part, or if anything is received by the plaintiff or plaintiffs as the result of a judgment, compromise, or settlement, the court may award the plaintiff or plaintiffs the reasonable expenses of maintaining the action, including reasonable attorneys' fees, and direct him or them to account to the corporation for the remainder of the proceeds so received by him or them.
The critical word for these purposes is "or." The plaintiff is entitled to attorney's fees if the action is successful or if anything is received by the plaintiff. In the latter circumstance, the court may authorize the plaintiff to deduct attorney's fees and expenses from the amount held by plaintiff, and remit the remainder to the corporation.[2]
In the present case the action was successful in procuring the return of property to the corporation. The reconveyance ran to the corporation, rather than the plaintiff, and the benefit to the corporation was substantial. In a derivative case the derivative *1148 plaintiff's attorney is deemed to be acting on behalf of the corporation, and the corporation therefore undertakes payment of the attorney's fee awarded by the court. See § 607.147(5); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392-98, 90 S.Ct. 616, 625-28, 24 L.Ed.2d 593, 606-09 (1970). In the present case the trial court had the authority to make the award of attorney's fees, even though the recovery was real estate rather than a fund of money.
We perceive no abuse of discretion by the trial court in awarding priority to Grusmark's lien over the competing claims of other Kanaki stockholders, all of whom were parties to the action. See Blumin v. Ellis, 186 So.2d 286, 294 (Fla. 2d DCA) ("basis of equitable liens may be estoppel or unjust enrichment"), cert. denied, 189 So.2d 634 (Fla. 1966). We do not say that the attorney's fee was automatically entitled to priority. However, the trial court was empowered to weigh the equities, including the benefit conferred on the corporation and the role of the various competing claimants in the underlying transactions involving the real estate. On the facts of this case the trial court could reasonably conclude that the attorney's fee was entitled to priority.
We conclude, however, that the trial court erred in awarding prejudgment interest on the attorney's fee. See United Services Auto. Ass'n v. Smith, 527 So.2d 281, 283 (Fla. 1st DCA 1988).
The award of prejudgment interest on the attorney's fee is stricken, and as modified, the final judgment is affirmed.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant Gilbert's motion for modification, which we treat as a motion for rehearing, asserts that there is a scrivener's error in the computation of the attorney's fee awarded to attorney Grusmark. We disagree. Although the order should have specified the exact multiplier, the trial court's notation was for a multiplier of 1.5 +. As applied to the hours and rate allowed, the actual multiplier was 1.75. Since the trial court's intention to make this specific award is clear, we do not disturb the award. In order to prevent confusion, however, the multiplier in each case should ordinarily be reduced to an exact figure. The motion is denied.
NOTES
[1] The joinder of direct and derivative claims may have been objectionable, see General Dynamics Corp. v. Hewitt, 225 So.2d 561 (Fla. 3d DCA 1969), but that has no bearing on the analysis here.
[2] In a derivative action the recovery flows to the corporation, not to the derivative plaintiff individually. No judgment or settlement should be structured so as to place the recovery in the hands of the plaintiff. The purpose of the phrase "if anything is received" is to make clear that in the event any derivative recovery reaches the plaintiff, by whatever means, the recovery belongs to the corporation and the plaintiff only has the status of trustee. In that circumstance the court may authorize plaintiff to deduct the court-approved amount for attorney's fees and expenses, and remit the remainder to the corporation. This provision would have application where, for example, payment is made to the derivative plaintiff through error, or where consideration is impermissibly paid to a derivative plaintiff in a collusive settlement not approved by the court as required by section 607.147(2).