PER CURIAM.
This appeal seeks review of an award of attorney’s fees on behalf of a party named in a derivative action, purportedly pursuant to the provisions of Section 607.147(4), Florida Statutes (1985). We have previously found that there was merit in the derivative suit. Ginsberg v. Keehn, 550 So.2d 1145 (Fla. 3d DCA 1989)
Cataldo was one of several defendants in the derivative action but was dismissed out before final judgment. The trial court awarded fees to Cataldo on the theory that there was no reasonable basis to sue him. (Parenthetically, Winner was represented by counsel at the trial level who named Cataldo as a defendant.) Cataldo moved for attorney’s fees under Sections 57.105 and 607.147(4) Florida Statutes (1985).
The trial judge did not rule on the Section 57.105 request, but instead granted attorney’s fees under § 607.147(4). The apparent problem here is that § 607.147(4) applies only “[i]f the court having jurisdiction of such action upon final judgment shall find that the action was brought without reasonable cause; such court may than require the plaintiff ... to pay the parties named as defendant the reasonable expenses, including fees of attorneys, incurred by them in the defense of such action.”
To obtain fees under this section, in other words, the entire action must have been brought without reasonable cause, not just the claim against the one defendant. Although there is no Florida authority, the commentary to the Model Business Corporation Act, on which our Act is patterned, indicates that the “action” language was purposely chosen: “The test ... that the action was brought without reasonable cause is appropriate to deter strike suits on the one hand, and on the other hand to protect plaintiffs whose suits have a reasonable foundation.” 2 Model Bus.Corp. Act Ann. § 7.40, at 720. Accord Grizzard v. Petkas, 155 Ga.App. 741, 272 S.E.2d 583 (1980). Because the goal was to deter strike suits, but not to chill meritorious suits, the “action” terminology was chosen.
If the claim against the individual defendant is truly frivolous, § 57.105 is available, and counsel would have to pay one-half of the fee, which would be appropriate. Additionally, whether the claim was frivolous or not, once Cataldo won, the corporation was obliged to indemnify him under § 607.014(3).
Therefore, for the reasons stated above we reverse the award of fees pursuant to Section 607.147(4), Florida Statutes, (1985) without prejudice to the court to consider the aspects of the motion for fees under Section 57.105, Florida Statutes (1985), if appropriate under the circumstances.
Reversed and remanded with directions.